IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISABEL RIVERA BRITO, et al.,          *
                                      *
        Plaintiffs,                   *
                                      *
    v.                                *        Civil Action No.  ADC-24-01124
                                      *
NEW LIFE HEALTHY LIVING, LLC.,        *
et al.,                               *
                                      *
                                      *
        Defendants.                   *
                                      *
    * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Isabela Rivera Brito, Maria Brito Chavez, Petrona Cuplay Bernal, and Vicente
Sanchez ("Plaintiffs") have moved for conditional certification of a collective action
pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and for approval
and facilitation of notice of this action to similarly situated persons.[1] ECF No. 63-1 at 3.
Specifically, Plaintiffs argue that they "and the collective they seek to represent are or
were employees who have been similarly subjected to Defendants' common schemes to
violate the FLSA." *Id.* In response, New Life Healthy Living, LLC, New Life Adult
Medical Day Care, LLC, and Aashiana, LLC ("Defendants"), dispute Plaintiffs' assertion
that Defendants operate as a single integrated enterprise. ECF No. 70 at 1. Defendants

---

[1] On June 20, 2024, this case was assigned to United States Magistrate Judge Adam B.
Abelson for all proceedings in accordance with Standing Order 2019-07. ECF No. 20. All
parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 29. On
September 20, 2024, this case was reassigned to United States Magistrate Judge A. David
Copperthite.

1

further allege that Plaintiffs' motion "is only for the purpose of extenuating their fees and has nothing to do with the non-named Plaintiffs." After considering the Plaintiffs' motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023).

For the reasons stated herein, the Court will GRANT Plaintiffs' motion for conditional certification of the FLSA action and court-facilitated notice of this action to potential plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

In their Complaint, Plaintiffs allege that Defendants run an assisted living facility and adult medical day care center out of 7600 Clays Lane, Windsor Mill, Maryland, 21244. ECF No. 1 at ¶¶ 42-43. Specifically, on the assisted living side of the building, Plaintiffs claim that New Life Healthy Living, LLC provides housing, care, meals, medication administration, and other assistance to older adults and individuals living with a disability. *Id.* at ¶ 42. These activities include "bathing, dressing, and toileting." *Id.* New Life Adult Medical Day Care, LLC runs a daytime-only facility on "the day care side of the building." *Id.* at ¶ 43. Specifically, Plaintiffs claim that New Life Adult Medical Daycare, LLC similarly "provides older adults and people with disabilities with care, meals, medication administration, recreational activities, and assistance with the activities of daily living." *Id.* In their Complaint, Plaintiffs claim that Aashiana, LLC owns the real property located at 7600 Clays Lane, Windsor Mill, Maryland, 21244. *Id.* at ¶ 44. Plaintiffs allege that New Life Healthy Living, LLC, New Life Adult Medical Day

Care, LLC, and Aashiana, LLC operate as part of a single integrated enterprise, linked by a common business purpose. ECF No. 1 at ¶¶ 30 - 36; ECF No. 63-1 at 5.

To this end, Plaintiffs claim that Alif Manejwala is the President and CEO of both New Life Healthy Living, LLC and New Life Adult Medical Day Care, LLC, and the registered agent of Aashiana, LLC. ECF No. 1 at ¶ 39. Citing various exhibits, Plaintiffs claim that Defendants hired Plaintiffs and similarly situated individuals to perform work at the Facility, ranging from caregiving to cleaning services. ECF No. 63-1 at 5; *see also* ECF Nos. 63-6 at ¶ 5; 63-7 at ¶ 4; 63-8 at ¶ 4.

Plaintiffs claim that their work and that of similarly situated individuals varied, but that they "were all subject to the same policies and practices with respect to their pay— including Defendants' failure to pay them the required overtime rate for hours beyond 40 in a workweek." ECF No. 63-1 at 5. Specifically, Plaintiffs allege that "Defendants' policies applied equally to Plaintiffs and similarly situated employees, regardless of which side of the Facility they worked on[.]" *Id.* Plaintiffs further stress that "Plaintiffs worked on both sides of the building and received paystubs from both New Life Healthy Living and New Life Adult Medical Day Care." *Id.* In their declarations, and again in their motion, Plaintiffs claim that Defendants "are aware of Plaintiffs' and similarly situated employees' actual work hours" and that Defendants required Plaintiffs to utilize several timekeeping systems under Defendants' supervision. ECF No. 63-1 at 5-6.

As it relates to Plaintiffs' hours, Plaintiffs further claim that Defendants' written communications explicitly state Defendants' policy that Plaintiffs and similarly situated employees were expected to work "a maximum of 96 hours Bi-weekly, with no

overtime."⁸ ECF No. 63-1 at 6. "Pursuant to that policy," Plaintiffs claim that Defendants manipulated paystubs to spread Plaintiffs' working hours between New Life Healthy Living, LLC and New Life Adult Medical Day Care, LLC, to create the appearance that individual workers had not worked more than 96 hours in a pay period. *Id.* Due to this alleged manipulation on the part of Defendants, Plaintiffs claim that they and similarly situated individual workers received paystubs at times issued from New Life Healthy Living, LLC and at other times from New Life Adult Medical Day Care, LLC, regardless of where in the Facility they had performed their work during that pay period. *Id.*

Plaintiffs further allege that they learned of other colleagues who also worked more than 40 hours per week without receiving overtime compensation through conversations with these individuals "across the caregiving, housekeeping, laundry, cooking, and maintenance departments at both New Life Health Living, LLC and New Life Adult Medical Daycare, LLC." ECF No. 63-1 at 6. Plaintiffs further estimate that there are approximately eighty similarly situated individuals who have been denied overtime wages to which they are legally entitled. *Id.* at 7.

Plaintiffs filed their Complaint with this Court on April 17, 2024, alleging violations of the Fair Labor Standards Act (Count I), the Maryland Wage and Hour Law (Count II), and the Maryland Wage Payment and Collection Law (Count III). ECF No. 1. On February 12, 2025, Plaintiffs filed a Motion for Conditional Certification of FLSA Collective Action and Court-Facilitated Notice. ECF No. 63. Defendants filed their Response on February 24, 2025, ECF No. 70, to which Plaintiffs further filed a reply on February 28, 2025. ECF No. 71.

## DISCUSSION

**Standard of Review**

The FLSA allows employees to pursue a collective action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D.Md. 2008). This section further establishes an "opt-in" scheme that allows similarly situated potential plaintiffs to join a pending FLSA case by notifying the Court of their intention to become a party in the matter. *See Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. CV WMN-10-2336, 2011 WL 5244421, at *2 (D.Md. Nov. 1, 2011). Permitting this type of collective action benefits plaintiffs by allowing them to pool resources. *Id.* at *5. In other words, "the absence of this type of collective action would leave most employees powerless to enforce the law." *Id.* At the same time, courts have recognized that the certification of collective actions promotes judicial economy by allowing the "efficient resolution" in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Courts generally follow a two-stage process when deciding whether to certify a collective action under the FLSA. *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D.Md. 2012). As an initial matter, in the notice stage, the Court makes a threshold determination on whether the plaintiffs have demonstrated that potential class members are similarly situated such that court-facilitated notice to putative class members would be appropriate. *Id.* This threshold determination often occurs prior to the completion of discovery. *See, e.g., Lancaster v. FQSR*, No. CV TDC-19-2632, 2020 WL 5500227, at *2

5

(D.Md. Sept. 11, 2020). At the second stage, typically occurring after discovery, the Court makes a final determination on whether the collective is truly "similarly situated." *Id.*

As to the notice stage of a potential certification, plaintiffs must make a "modest factual showing" that the putative collective members are similarly situated. *Randolph v. PowerComm Constr., Inc.*, 7 F. Supp. 3d 561, 575 (D.Md. 2014). The term "similarly situated" refers to potential plaintiffs who "together were victims of a common policy or scheme or plan that violated the law." *Quinteros*, 532 F. Supp. 2d at 772. Courts have further found that potential plaintiffs are similarly situated when they raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from similar job requirements and pay provisions. *See, e.g., Robinson v. Empire Equity Grp., Inc.*, No. CV WDQ-09-1603, 2009 WL 4018560, at *2 (D.Md. Nov. 18, 2009); *Yeibyo v. E–Park of DC*, Inc., No. CV DKC 2007–1919, 2008 WL 182502, at *7 (D.Md. Jan.18, 2008).

To meet their burden at the notice stage, Plaintiffs may rely on factual evidence that includes affidavits or other pleadings. *See, e.g., Quinteros*, 532 F. Supp. 2d at 772; *Schilling v. Schmidt Baking Co., Inc.*, No. CV TDC-16-2498, 2018 WL 3520432, at *2 (D.Md. July 20, 2018) (stating that whether collective members are similarly situated depends on substantial allegations in the pleadings and any submitted affidavits or declarations). Courts may also consider hearsay "at the notice stage where the affiant has knowledge of the statement." *Calder v. GGC-Baltimore, LLC*, No. CV BPG-12-2350, 2013 WL 3441178, at *2 n.1 (D.Md. July 8, 2013).

Courts do not ask merit-based questions or weigh the strength of Plaintiff's case on the merits at this stage. *Alderoty v. Maxim Healthcare Servs., Inc.*, No. CV TDC-14-2549, 2015 WL 5675527, at *10 (D.Md. Sept. 23, 2015). In sum, because the Court has minimal evidence at this stage of the proceedings, this determination is made using a relatively lenient standard, and typically results in the conditional certification of a representative class. *See Mendoza v. Mo's Fisherman Exch., Inc.*, No. CV ELH-15-1427, 2016 WL 3440007, at *12 (D.Md. June 22, 2016). At the same time, plaintiffs must provide more than vague allegations with meager factual support, although they need not enable the Court to reach a conclusive determination regarding whether the alleged class of similarly situated plaintiffs exists. *Id.*

**Analysis**

As discussed above, the inquiry at the notice stage of a proposed collective action certification involves asking whether the potential plaintiffs are similarly situated such that court-facilitated notice to putative class members would be appropriate. Here, Plaintiffs have carried their burden in this regard, alleging that they, together with other potential plaintiffs, were victims of a common scheme that violated the law, and further raising similar legal issues as to the alleged nonpayment of wages. ECF Nos. 63-2 & 71. While Defendants disagree with Plaintiffs' requests, they fail to provide this Court with a sufficient basis to deny them, and instead point to tangentially related arguments they have raised in previous filings. ECF Nos. 55 & 70.

In sum, Plaintiffs allege that they and potential members of the collective either did or currently serve as hourly workers employed by Defendants at the facility at 7600

Clays Lane, Windsor Mill, MD 21244. ECF No. 63-1 at 9. They further argue that certification is appropriate here because "there is one overarching legal and factual issue common to the collective: Defendants' common policy or practice of failing to pay their employees the statutory overtime rate for hours worked over 40 per week." *Id.* at 10. Plaintiffs further support their arguments with references to relevant statutes and caselaw. *Id.* Additionally, Plaintiffs provide several affidavits where they allege that Defendants failed to pay overtime wages to Plaintiffs and others similarly situated to them. ECF Nos. 63-6; 63-7; 63-8. Taking all the affidavits, pleadings, and other filings into account here, it's clear that Plaintiffs have provided sufficient evidence to meet their modest burden, at least at this stage.

Defendants' central argument relates to Plaintiffs' allegation that Defendants operate as a single enterprise. ECF No. 70 at 1. Defendants dispute this characterization, pointing to what they view as inconsistencies in Plaintiffs' Complaint, including statements attributed to the Maryland Department of Health that appear to refer to New Life Healthy Living, LLC and New Life Adult Medical Day Care, LLC as separate entities. *Id.* at 2. Defendants also seem to argue that Plaintiffs' demands for further information regarding potential Plaintiffs would be duplicative. *Id.* at 1-2. However, as Plaintiffs note in their reply, Defendant does not directly answer their legal arguments as to whether the Plaintiffs and other potential class members are similarly situated. ECF No. 71 at 1.

Defendants also fail to adequately respond to other specific requests in Plaintiffs' motion for court-facilitated notice. In their motion, Plaintiffs request that this Court toll

8

the statute of limitations for potential class members from February 12, 2022 through the date of the close of a proposed opt-in period, that Defendants provide information as to the identities of potential plaintiffs, and that this Court approve various methods of communication as to the collective of potential plaintiffs. ECF No. 63-1 at 12-17.

Providing a rationale for their requests, Plaintiffs correctly point out that this Court previously granted the parties' joint request to toll the statute of limitations for the duration of the stay previously entered in this action and cite to relevant caselaw where such tolling was granted under similar circumstances. ECF No. 63-1 at 12; *see also McCoy v. Transdev Servs., Inc.*, No. CV DKC 19-2137, 2020 WL 2319117, at *5 (D.Md. May 11, 2020) (discussing the circumstances that call for such tolling). Plaintiffs also request that this Court approve several methods of outreach to potential plaintiffs, together with the establishment of a 90-day notice period, arguing that these steps are necessary to effectuate timely notice. ECF No. 63-1 at 12-17; *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 609 (D.Md. 2020) (recognizing that 90 days represents the standard notice period).

These requests relate to the wording of the notice provided to potential plaintiffs, the methods through which Plaintiffs may disseminate this notice, the sending of a reminder notice to potential plaintiffs who have yet to respond, and the information Plaintiffs seek from Defendants as to the identities of potential plaintiffs. *Id.* at 12-17. Plaintiffs provide copious support for their requests with relevant caselaw. *Id.*; *see also Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. CV CCB-07-455, 2008 WL 554114, at *4 (D.Md. Feb. 26, 2008) (authorizing the creation of a website to provide notice of a

FLSA suit, the publication of the notice in three Spanish language newspapers and posting at multiple public locations if the company remained "unable to provide plaintiffs with a list of employees"); *Boyd v. SFS Commc'ns, LLC*, No. CV PJM 15-3068, 2017 WL 386539, at *3 (D.Md. Jan. 26, 2017) (recognizing that a reminder notice should serve as a targeted second contact with those likely to be eligible to join a collective action); *Li v. Escape Nails & Spa, LLC*, No. CV DKC 23-1487, 2024 WL 3742764, at *2 (D.Md. May 28, 2024) (allowing notice via text message); *Mercado v. North Star Founds., Inc.*, No. CV WMN-10-3467, 2011 WL 1557887, at *4 (D.Md. Apr. 21, 2011) (ordering defendant to provide names and identifying information of potential plaintiffs).

Defendants fail to object to Plaintiffs' requests with any degree of specificity, instead making unsubstantiated accusations as to Plaintiffs' motives for these requests, and referencing previous filings where Defendants argued tangentially related issues. ECF No. 70. For these reasons, together with the well-reasoned arguments that Plaintiffs have provided on their behalf, and their relatively low evidentiary burden at this stage, this Court will grant Plaintiffs' motion for conditional certification and court-facilitated notice here.

<u>**CONCLUSION**</u>

For the reasons set forth in this Memorandum Opinion, Plaintiffs' Motion (ECF No. 63) is GRANTED. A separate Order will follow containing details of the approved court-facilitated notice.

Date: _12 March 2025_                                   _____
                                                        A. David Copperthite
                                                        United States Magistrate Judge