IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISABELA BERA BRITO, ET.AL | * | |
| Plaintiffs | * | |
| V. | * | Civil Action No.: 1:24-CV-01124 |
| NEW LIFE HEALTHY LIVING, LLC, ET.AL. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO PLAINTIFFS' MEMORANDUM

Defendants, by their attorney, Jay B. Shuster, respond to Plaintiffs' Memorandum as follows:

1. Plaintiffs' counsels regard Defendants' responses to their discovery requests as insufficient.

2. However. Defendants produced all the documents from both New Life Healthy Living, LLC and New Life Medical Day Care, LLC, to Plaintiffs' counsel David Rodwin, from their accountant, indicating each employee and what each made. Defendant's counsel had discussed with David Rodwin that Defendant Dr. Manejwala rented the businesses to Nationwide Eldercare Inc, from 12/1/20 - 3/1/22 and he had no information from them. Then Defendant Dr. Manejwala hired two managers, Liri Fusha and Sajid Cheema, from 3/22 - 10/23, whose responsibility it was to manage and pay the employees. They were fired for not doing a good job, and he then hired Bilal Rumman and Christine David as managers. Defendants would produce all the documents they could and both counsel would work together on settlement. Then David

Rodwin left the job and Amy Gellatly took over.

3. Defendants gave over the employees names and addresses from the accountant who prepared their IRS filings. But Defendants still did not have their telephone numbers.

4. Plaintiffs' attorneys, Amy Gellatly, Nicole Tortoriello, Ejaz H. Baluk, Jr. and Ama Frimpong filed the Memorandum and argued that Defendants had deficient responses to the discovery requests. However, Defendants' responses are of what they knew.

5. Gellatly asked to go to the building that held both companies. And it was agreed that she could go. She did and she and those with her found over 12,000 pages of records. She asked that they be sent and be Bates stamped. Bilal did not know of the records because he came after the records were created. He sent them and Bates stamped them. There are some time sheets missing, but he does not know where they are, nor do the other Defendants.

6. Plaintiffs' counsels claim they do not have full faith that Defndants have now produced all records responsive to their requests. But Defendants have producd all documents they have gotten from the accountant, from the IRS person and Plaintiffs' have gotten other documents from the building.

7. Plaintiffs' counsels claim Defendants failed to provide complete or coherent responses. But Defendants had already indicated that prior managers who were fired have disappeared and they have no way of knowing any more that what has been answered and produced.

8. Plaintiffs' Counsels knew at the time of the Complaint that in July 2023 the Maryland Department of Health issued an emergency suspension of New Life Healthy

Living, LLC and was not given opportunity to operate again until March 2024.

9. Plaintiffs' Counsels learned when they went to the building that housed both companies, that in 2023, the Maryland Department of Labor received a wage claim filed by an employee. Defendants did not know of that because there were other managers at that time.

10. Plaintiffs' Counsels claim Defendants failed to properly identify persons and documents. However, Defendants presented the documents that were available..

11. Plaintiffs' Counsels request sanctions for that failure. Again, Defendants presented the documents that were available.

12. Plaintiffs' Counsels argue that they do no have the core questions answered such as the hours Plaintiffs worked, whether they were paid overtime and whether they were employed by all Defendants. Plaintiffs' current Counsels disregard the documents that were produced to Plaintiffs' original counsel, David Rodwin. Those document have all those answers.

13. Plaintiffs' Counsels argue that Defendants or their counsel should pay Plaintiff's fees incurred. But, a) Plaintiff's Counsels have produced documents which do not indicate the Plaintiffs are responsible for fees, b) Plaintiff's Counsels claim they have attempted in good faith to obtain Defendants responses, but they did get the documents that were available to Defendants.

14. Plaintiffs' Counsels contend that they have spent many hours identifying the deficiencies in Defendants' responses. However, Defendants produced all the documents they could. Plaintiffs' Counsels refuse to understand that the Defendants do not have additional information from the prior managers.

15. Plaintiffs' Counsels contend that "the Court should prohibit the Defendants from introducing any matters into evidence that have not been produced". Again, all the documents requested that Defendants have, have been produced.

16. Plaintiffs' Counsels argue that "The Court should hold Jay B. Shuster in Contempt" because of "flouting" Rule 19-303.4(d). Defendants' counsel answer yes to everything Amy Gellatly asked. She got to speak with Bilal Rumman directltly. She got to gol to the busineses when she wanted. Defendants' counsel did provide all discovery requests Defendants new of. And Plaintiffs' Counsel got other records from the Defendants' businesses. Also, Plaintiffs' Counsels included Ama Frimpong-Houser, Amy Gellatly, David J Rodwin, TERMINATED, Debra Lynn Gardner, TERMINATED, Ejaz Hussain Baluch , Jr., Humza Ahmed Kazmi, TERMINATED, Lucy Zhou, TERMINATED, and Nicole Gloria Tortoriello. How and why do Plaintiffs have so many counsel, why have some terminated (did they disagree with the case) and how can one Defense counsel do as much as so many of Plaintiffs' counsels? Plaintiffs' Counsels are claiming more money for themselves than for the Plaintiffs. They have identified 20 Plaintiffs, but the have not stated who has not earned what.

17. Plaintiffs' Counsels then ask for depositions. But they have all the documents. They are just looking for more money for themselves.

18. If any exhibits are wanted, please request anything that is wanted.

WHEREFORE, Defendants request that Plaintiffs' Memorandum be denied.

*[signature]*
Jay B. Shuster, jbs04185
100 Church Lane
Baltimore, MD 21208
443-226-2074
jaybshusterlaw@gmail.com