**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                                                     101 WEST LOMBARD STREET
CHELSEA J. CRAWFORD                                                                  BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE                                            MDD_CJCChambers@mdd.uscourts.gov
                                                                                                              (410) 962-4560

September 12, 2025

**MEMORANDUM TO PARTIES RE:**       *Isabela Rivera Brito, et al. v. New Life Healthy Living, LLC, et al.*, Civil Action No. CJC-24-1124

Dear Counsel:

The Court is in receipt of Plaintiffs' Memorandum Regarding Defendants' Deficient Discovery Production and for Sanctions and Other Relief, ECF No. 95, and Defendants' response thereto, ECF No. 96. For the reasons set forth below, the Court finds that Defendants' discovery responses are deficient and sanctions are appropriate. The Court further finds that Plaintiffs are entitled to additional deposition hours.

## I. Relevant Factual Background

In the time since this case was reassigned to me in March 2025, it has required Court intervention at several points. On April 3, Plaintiffs moved for an order directing Defendants to show cause to explain their failure to comply with a March 12, 2025 Court Order requiring Defendants to provide a spreadsheet with contact information for members of the collective of employees that Plaintiffs seek to represent in their Fair Labor Standards Act claim. ECF No. 74. The Court granted Plaintiffs' motion, ECF No. 78, but canceled the hearing after the parties advised that they reached an agreement regarding Defendants' production of the information. ECF No. 81. Thereafter, on May 16, the parties filed a joint status report in which Plaintiffs explained that they had identified several members of the collective whom Defendants omitted from their spreadsheet. ECF No. 82. The parties agreed that a show cause hearing was appropriate. ECF No. 82.

The Court held a status conference on May 29 to discuss the matters raised in the parties' joint status report. ECF No. 87. The Court declined to order a show cause hearing and instead set regular mandatory status conferences to address ongoing discovery issues, with the first such conference on June 20. ECF No. 87.

At the June 20 conference, Plaintiffs described their efforts to obtain documents from Defendants and other third parties. Plaintiffs also identified further omissions and discrepancies in Defendants' records relating to members of the collective. The parties agreed to coordinate an inspection by Plaintiffs' counsel of Defendants' records room to allow Plaintiffs' counsel to locate and inspect relevant records, including Defendants' personnel files.

The Court held the next status conference on July 15. During that conference, Plaintiffs' counsel summarized the July 2 inspection of Defendants' records room and described locating several binders and other records responsive to Plaintiffs' discovery requests that Defendants had not produced. *See* ECF No. 95 at 4.[1] Defendants' counsel, who did not attend the inspection on July 2, explained that Defendants had provided to Plaintiffs all documents and information available and had no additional responsive information. *See generally* ECF No. 96.

At the conclusion of the conference, the Court ordered Defendants to supplement their written responses and documents to Plaintiffs' discovery requests by July 25, 2025. ECF No. 92. The Court also directed Plaintiffs to file a memorandum describing any discovery deficiencies in Defendants' supplemental responses and to state whether Plaintiffs believed sanctions were appropriate in light of any such deficiencies. ECF No. 92. Plaintiffs' filed their Memorandum Regarding Defendants' Deficient Discovery Production and for Sanctions and Other Relief on August 1. ECF No. 95.

**II.     Discussion**

    **A.     Defendants' discovery responses are woefully inadequate.**

Defendants' responses to Plaintiffs' interrogatories and requests for production of documents are vague and confusing. The Federal Rules of Civil Procedure and the Local Rules of this Court provide guidance to parties regarding how to respond and object to interrogatories and requests for documents, and, likewise, how to produce responsive documents and/or electronically stored information. Here, Plaintiffs have demonstrated that Defendants failed to adhere to these rules' most basic requirements.

        **1.     Defendants' responses to Plaintiffs' document requests violate discovery rules.**

Defendants failed to supplement their written responses to Plaintiffs' requests for production of documents and produced approximately 12,000 pages of records that were separated into more than 100 sets of improperly numbered PDFs. ECF No. 95 at 5. A production of this volume that does not identify which documents correspond to the relevant request, and, further, lacks sequential Bates numbering, frustrates the orderly progress of discovery in contravention of Rule 34 of the Federal Rules of Civil Procedure and this Court's discovery rules and principles.

Rule 34(b)(2) of the Federal Rules of Civil Procedure requires a party to specifically state that it will produce documents absent an objection. When producing responsive documents or electronically stored information, the producing party must provide them "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Given the ubiquity of electronic records, this Court has

---

[1] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not to the PDF pagination.

published Principles for the Discovery of Electronically Stored Information in Civil Cases.[2] These principles encourage counsel to discuss and agree to a naming convention and numbering system, like Bates numbering, for the identification and production of records. *See supra* Note 2.

Defendants' responses to Plaintiffs' requests for production of documents are imprecise and incomplete. In several responses, Defendants do not clearly state whether they will produce documents at all. For example, in Request No. 10, Plaintiffs seek "[a]ll documents concerning compensation or pay policies with respect to Plaintiffs and other employees of the Facility . . ." ECF No. 95-4 at 10. Defendants respond "Do not have prior policies. Have policies begining [sic] with Bilal & David. Have sent all payments." ECF No. 95-6 at 2. It is unclear from Defendants' response what time period the Bilal and David policies relate to, and, more importantly, whether such policies will be produced. The same ambiguity plagues Defendants' response to Request No. 17, which seeks "documents describing the role, duties, responsibilities, and authority of all persons" identified in an earlier interrogatory. ECF No. 95-4 at 11. Defendants respond only that they "[h]ave job descriptions for Bilal and David." ECF No. 95-6 at 2. Such vague and non-committal responses are improper. Other examples abound. *See* Resps. to Request Nos. 21, 28, ECF No. 95-6 at 3.

In other responses, Defendants indicate that responsive documents have already been produced but fail to specifically identify those documents by a production date or Bates number, leaving Plaintiffs with no straightforward way to track the documents produced to their corresponding requests. By way of example, in Request No. 5, Plaintiffs seek "[a]ll documents containing any Plaintiff's name, in whole or in part, including all documents signed by any Plaintiff." ECF No. 95-4 at 10. Defendants respond that "[s]ome have been produced. If there are any others, they will be produced." ECF No. 95-6 at 2. All of Defendants' other responses likewise fail to clearly identify documents previously produced. *See* Resp. Nos. 1–5, 14–15, 19, 21–22, ECF No. 95-6 at 2–3.

The Court is also troubled by the form and substance of Defendants' written responses. Many of the responses are grouped together and written in incomplete sentences, suggesting a rushed and careless approach to discovery at best, or an intentionally misleading or evasive approach at worst.[3]

---

[2] *See Principles for the Discovery of Electronically Stored Information in Civil Cases*, U.S. Dist. Ct. Dist. Md., https://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf (last visited Sep. 12, 2025).

[3] Plaintiffs' concern that Defendants have not produced all responsive documents may well be justified but, as of the time of Plaintiffs' filing, was premature, given that when Plaintiffs filed their Memorandum, they had not yet completed review of the 12,000 records that Defendants produced in their supplemental production. As explained further, the Court will order the parties to provide a joint status report following the October 14, 2025 settlement conference, at which time the parties should address whether there are any ongoing discovery disputes that require further Court intervention.

## 2. Defendants' responses to Plaintiffs' interrogatories violate discovery rules.

Defendants failed to supplement their answers to Plaintiffs' interrogatories, and their original answers suffer the same problems of vagueness and incoherence as Defendants' responses to Plaintiffs' document requests. *See generally* ECF Nos. 95-3 (Pls.' First Set of Interrogs.); 95-5 (Defs.' Answers to Interrogs.). Each interrogatory answer is problematic. As a general matter, the answers are so brief and lacking in detail that they border on non-responsiveness. At least six interrogatories request that Defendants "describe in detail" various relationships, processes, communications, and matters relating to Plaintiffs' claims. ECF No. 95-3 at 9–10, 12, 14. In response, Defendants offer only a few words, or reference other vague answers. For example, the third interrogatory asks Defendants to:

> Describe in detail Alif Manejwala's relationship to New Life Healthy Living, LLC, or any predecessor or successor thereof, New Life Adult Medical Day Care, LLC, or any predecessor or successor thereof, and Aashiana, LLC, or any predecessor or successor thereof, including but not limited to any ownership interest, position, responsibilities, authority, and any management duties as that term is defined herein.

ECF No. 95-3 at 9. Defendants' answer consists of only five words: "Alif Manejwala's is the owner."[4] ECF No. 95-5 at 3. This response ignores the tripartite nature of the request and makes no distinction between Mr. Manejwala's ownership status and the entities identified in the interrogatory.

For other interrogatories, Plaintiffs seek information regarding the identity, description, and location of documents related to Defendants' defenses (Interrogatory No. 23), as well as the identity and description of systems Defendants used to create and store various records (Interrogatory No. 24). Interrog. Nos. 23–24, ECF No. 95-3 at 13. Ignoring the definitions Plaintiffs set forth for how Defendants should respond when identifying people or documents, Defendants answered "[t]he managers, the CPA and the payroll company, Robert Brewster" in response to Interrogatory no. 23, and repeated many of these sources in response to Interrogatory No. 24. ECF No. 95-5 at 7–8.

Other answers are fractured and incomplete. Interrogatory No. 25 asks Defendants to "[d]escribe the steps any Defendant has taken since April 2021 to preserve or destroy the records enumerated in Interrogatory [No.] 24." ECF No. 95-3 at 13. In a baffling response, Defendants state: "The managers." ECF. No. 95-5 at 8. There are many other obtuse responses. Interrogatory No. 21 asks Defendants to:

> State whether you or any person acting on your behalf has obtained statements in any form from any person, including any of the parties or their representatives in

---

[4] In addition to Defendants' improper answers, Defendants misidentify this third interrogatory as Plaintiffs' first interrogatory. While this error is minor, it exemplifies the Defendants' lack of care in preparing their discovery responses.

this action, regarding any of the facts, events, circumstances, or subject matter of this case and if so, identify the person from whom each such statement was taken, the date thereof, whether the statements were written, recorded, or oral and the current location of any such statements.

Interrog. No. 21, ECF No. 95-3 at 12. Defendants provide what appears to be a half-finished thought: "Rivera was contacted once. ." ECF No. 95-5 at 6. The use of ellipses in the response suggests that the answer was incomplete, yet Defendants never supplemented their answers.

Despite the many unresponsive answers described above, Defendants doubled down on their responses after Plaintiffs highlighted their deficiencies in a detailed June 4, 2025 letter. *See* ECF No. 95-7 (Plaintiffs' June 4, 2025 deficiency letter). Defendants' response to Plaintiffs' letter was non-specific and generally stated that Defendants "disagree[d] with [Plainitffs'] opposition." ECF No. 95-8 at 2.

Defendants' discovery responses are egregious and, given the history and pattern of Defendants' conduct in discovery to this point, the responses cannot be construed as counsel's unfamiliarity with the Federal Rules of Civil Procedure or this Court's Local Rules. *See Mey v. Phillips*, 71 F.4th 203, 219-20 (4th Cir. 2023) (determining appellants' repeated failure to disclose discoverable materials "demonstrate[s] a continued pattern of discovery abuse that we simply cannot chalk up to inadvertence or mistake").

### B. Defendants' conduct warrants sanctions.

Plaintiffs seek several sanctions for Defendants' discovery violations. First, Plaintiffs ask that the Court preclude Defendants from introducing facts or exhibits into evidence that Defendants have not already produced during the course of discovery. Specifically, Plaintiffs ask that Defendants be prohibited from introducing facts that are outside of the information provided in Defendants' written responses and, with respect to documents, that Defendants be prohibited from introducing exhibits into evidence not already identified in their May 16, 2025 written responses. ECF No. 95 at 16. Second, they request an order requiring Defendants to pay the attorneys' fees Plaintiffs' counsel incurred for litigating Defendants' failure to comply with discovery. *See* ECF No. 95 at 15. Finally, Plaintiffs seek an order holding Defendants' counsel, Jay Shuster, in contempt of court for counsel's failure to abide by Court orders. ECF No. 95 at 16.

The Court has broad discretion to fashion sanctions relative to the discovery violations at hand. *See Mackin v. Charles Schwab & Co.*, Civil Action No. DKC-16-3923, 2019 WL 127364, at *1 (D. Md. Jan. 8, 2019). Rule 37 of the Federal Rules of Civil Procedure is one tool in the District Court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *McCloud v. SuperValu, Inc.*, Civil Action No. PWG-12-373, 2013 WL 1314964, at *2 (D. Md. Mar. 27, 2013) (citation omitted). Rule 37 provides several avenues for the Court to impose sanctions for a party's failure to cooperate in discovery.

Under Rule 37(b)(2), the Court may impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also Victor Stanley, Inc. v.*

*Creative Pipe, Inc.*, 269 F.R.D. 497, 520 (D. Md. 2010) (surveying cases that show how courts permit sanctions for failing to follow "a wide variety of orders" designed to provide or permit discovery). By contrast, Rule 37(d)(1)(A) "authorizes sanctions even if no court order is in place," and allows the Court to order sanctions if a party fails to serve its answers, objections, or written response to a party's discovery requests under Rules 33 or 34. *Ogunsula v. Warrenfeltz*, Civil Action No. ELH-20-2568, 2024 WL 298984, at *9 (D. Md. Jan. 25, 2024); Fed. R. Civ. P. 37(d)(1)(A)(ii).

The law is somewhat unsettled regarding whether a district court may order sanctions under Rule 37(d)(1)(A) when a party responds to discovery but provides evasive or incomplete answers. *See Ogunsula*, 2024 WL 298984, at *9–11 (summarizing the circuit split regarding imposition of Rule 37(d) sanctions). While the Fourth Circuit has approved a district court's imposition of sanctions under Rule 37(d) "for something less egregious than total non-responsiveness," *see Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995), sanctions under such circumstances are only reserved for misleading or evasive responses. *See Eller v. Prince George's Cnty. Pub. Schs.*, Civil Action No. TDC-18-3649, 2020 WL 7336730, at *13 n.19 (D. Md. Dec. 14, 2020) (declining to impose Rule 37(d) sanctions for defendants' allegedly inadequate discovery responses).

Before the Court orders any sanction under Rule 37, it must first consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Mackin*, 2019 WL 127364, at *2 (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)). If, after applying the factors, the Court finds that sanctions are appropriate, it *may* impose certain sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In addition to or instead of these permissive sanctions, the Court *must* order the sanctioned party to pay reasonable attorneys' fees if the party fails to carry their burden to show that their conduct was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, Civil Action No. PWG-11-3555, 2013 WL 3863935, at *5 (D. Md. July 23, 2013) (awarding attorneys' fees under Rule 37(b)(2)(C)).

Application of the factors here weighs in favor of sanctions. First, the history of Defendants' conduct during discovery demonstrates that Defendants have acted in bad faith. During the various status conferences in this matter, and as expressed in Defendants' own June 24, 2025 letter to Plaintiffs, Defendants have repeatedly stated that they produced all responsive documents and information in their possession. *See* ECF No. 95-8. Yet, Plaintiffs' review of produced records and their inspection of Defendants' records room demonstrate that Defendants had *not* been diligent in locating and producing responsive records. Moreover, as described above, Defendants' written discovery responses are inadequate and Defendants have failed to supplement those responses, despite Plaintiffs' request and this Court's July 15 Order.

Second, Defendants' failure to cooperate in discovery has hampered the progress of this case, causing Plaintiffs prejudice. Plaintiffs have encountered significant difficulties obtaining basic information that strikes at the heart of their claims, including time and personnel records and other information of collective members. *See* ECF No. 95 at 14. Indeed, Plaintiffs have requested 30 additional deposition hours as a result of Defendants' behavior during discovery. ECF No. 95 at 18.

Third, sanctions are necessary to deter future discovery abuses. The Court has held status conferences to manage discovery and has emphasized the importance of counsel's obligation to cooperate in discovery in good faith. The Court's directives—and its orders to the same—are not to be taken lightly. *See Quan v. TAB GHA F&B, Inc.*, Civil Action No. TDC-18-3397, 2021 WL 1652817, at *3 (D. Md. Apr. 26, 2021) ("When the Court orders a party to produce discovery responses, the Court and the litigants should be able to depend on compliance with the order."). Finally, the Court finds that the sanctions, as outlined below, are appropriately tailored to the conduct in this case. The Court has stopped short of the most severe sanction—entry of a default judgment—but notes that it remains an option at the Court's disposal should Defendants violate future Court orders.

Because I find that Defendants failed to supplement their written discovery responses in accordance with the Court's July 15, 2025 Order, sanctions are appropriate under Rule 37(b)(2), and I need not determine whether Defendants' deficient discovery responses are so evasive or misleading to provide an independent basis for sanctions under Rule 37(d)(1)(A). Accordingly, Defendants are precluded from relying on any facts or evidence that they have not identified in their May 2025 Answers to Plaintiffs' First Set of Interrogatories. With respect to documents, Defendants are not permitted to rely on or otherwise introduce into evidence any documents that were not produced as part of Defendants' July 15 and 16 supplemental document production or earlier productions.

Additionally, given Defendants' discovery violations and the lack of an adequate explanation regarding such violations, their failure to supplement their written discovery responses was not "substantially justified" and an award of attorneys' fees would not otherwise be unjust. Fed. R. Civ. P. 37(b)(2)(C). Accordingly, Defendants are required to pay Plaintiffs' counsel's reasonable attorneys' fees for their work litigating Defendants' deficient discovery responses, including the filing of Plaintiffs' Memorandum. *Id.* Although plaintiffs have attached to their Memorandum a fee detail to support their request, they have failed to support their costs with an affidavit from counsel. *See generally* Loc. R. 109; Loc. R. Appendix B. Given this discrepancy, the Court orders Plaintiffs to file a bill of costs supported by an affidavit justifying a reasonable sum for attorneys' fees under Federal Rule 37(b)(2)(C) by September 29, 2025. *See Woodard-Charity*, 2013 WL 3863935, at *5 (directing party to file a bill of costs after awarding attorneys' fees). The Defendants may file a response no later than fourteen (14) days thereafter.

In light of the sanctions ordered, the Court declines to hold counsel for Defendants, Mr. Shuster, in contempt of court.

### C. Plaintiffs are permitted additional deposition hours.

Plaintiffs have requested an increase in deposition hours from 15 hours to 45 hours. ECF No. 95 at 18. Plaintiffs contend that their request is necessary because Defendants' lack of cooperation in discovery has frustrated their ability to prepare for depositions. ECF No. 95 at 18. Plaintiffs' request is granted.

The parties are directed to submit a joint status report on October 21, 2025, one week after the scheduled settlement conference if this matter does not resolve. The status report should address whether there are any active discovery disputes and whether the parties request that the Court resume mandatory status conferences.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge